# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOIS HASSINGER, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| MOUNT NITTANY MEDICAL CENTER, | ) |
| Defendant. | ) |

## CIVIL COMPLAINT

Plaintiff, Lois Hassinger, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4) as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

2. Plaintiff has satisfied all procedural and administrative requirements necessary under Title VII and the ADEA in that:

    a. On October 15, 2020, Plaintiff filed a timely charge alleging age and gender discrimination with the Equal Employment Opportunity

   Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

 b. On March 19, 2021, The EEOC issued a Notice of Right to Sue; and

 c. The Complaint was filed within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff, Lois Hassinger is an adult individual who resides at 2016 Old 220 Road, Howard, Centre County, PA 16841. She is 60 years old and female.

4. Defendant, Mount Nittany Medical Center ("Defendant"), is incorporated in Pennsylvania with a registered place of business at 1800 East Park Avenue, State College, PA 16803.

5. At all times relevant to this case, Defendant had twenty (20) or more employees and was an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b) and Title VII, 42 U.S.C. §2000e(b).

6. At all times relevant to this case, Defendant acted or failed to act by and through the duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## III. Factual Background

7. Hassinger worked for Defendant from 1994 until June 3, 2020. She last held the position of Clinical Supervisor of the Endoscopy Center.

8. In 2016, Plaintiff began reporting to a new Director of Surgical Services ("Director"), who made her work life more challenging.

9. In response, Hassinger applied for an open nursing position that would have placed her under new supervision and taken her out of her supervisory role.

10. Out of respect, Hassinger informed the Director that she bid on the open position.

11. The Director told her "you can't do that" and the position was pulled shortly thereafter.

12. In April 2020, the Director was promoted to Chief Human Resources Officer.

13. In May 2020, Defendant announced a Reduction in Force ("RIF").

14. As part of the RIF, supervisor positions were reclassified as manager positions and the existing supervisors were required to apply and interview if they wished to remain in their supervisory roles.

15. Plaintiff applied for numerous manager positions, including Endoscopy Manager.

16. Plaintiff was well-qualified for the position as she fulfilled most of the requirements listed in the job description, had zero negative performance evaluations, and included several letters of recommendation from Geisinger and Hershey physicians.

17. Plaintiff's interview consisted of only scripted questions, none of which were related to the Endoscopy Center.

18. On June 3, 2020, Plaintiff was notified that she was not selected for any of the newly created manager positions. Despite her long, successful tenure Plaintiff was not even offered a staff position and her employment was terminated.

19. Based upon information and belief, other employees who had their positions eliminated were permitted to continue working and bid on open positions.

20. The person selected for the Endoscopy Manager position is a substantially younger male with no prior endoscopy experience.

21. When discussing Hassinger's termination after the fact, one of the doctors who was involved in the interview process commented "out with the old and in with the new" to other staff members.

22. In August of 2020, just two months after her termination, Defendant began advertising with multiple staffing agencies for an endoscopy nurse. A position that Plaintiff was qualified and willing to work.

## Count I
## ADEA

23.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 as if fully restated herein.

24.     Defendant fired Hassinger because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

25.     Defendant's violation of the ADEA was willful.

WHEREFORE, Hassinger demands judgment as follows:

   a.   That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

   c.   That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her

        seniority and vesting;

d.    That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Title VII: Sex Discrimination

26.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated herein.

27. Defendant fired Hassinger, and otherwise discriminated against her in the terms, conditions, and privileges of employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

28. Defendant's violation of Title VII was undertaken with malice or reckless indifference to Plaintiff's federally protected right to not be discriminated against because of her sex.

29. As a direct and proximate result of Defendant's discharge of Hassinger because of her sex, she has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of her life, and other non-pecuniary losses.

WHEREFORE, Hassinger demands judgment against Defendant and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge, in addition to reimbursement for lost pension,

social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e. That the Court award Plaintiff punitive damages;

f. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h. That the Court grant Plaintiff additional relief as may be just and proper.

    Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ Ryan M. Carroll, Esq.
Ryan M. Carroll
Pa. I.D. No. 205851
rcarroll@edgarsnyder.com
600 Grant Street
10th Floor, U.S. Steel Tower
Pittsburgh, PA 15219
Telephone: (412) 394-4496
Facsimile: (412) 391-7032

Attorney for Plaintiff